**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-25718-ALTMAN**

**CARLOS BRITO**,

*Plaintiff*,

*v.*

**SGD OFFICES, INC**, and **HIALEAH REYS PIZZA INC**,

*Defendants*.
_________________________________/

**ORDER REQUIRING VERIFIED CERTIFICATE OF COUNSEL REGARDING PRIOR ADA FILINGS AND VERIFIED AFFIDAVIT REGARDING VISITS TO PROPERTY OR USE OF SERVICE**

The Complaint alleges that the Defendants have violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq*. Accordingly, we **DIRECT** the Plaintiff to file a verified response to this Order setting forth details about the Defendants' ADA litigation history and the Plaintiff's standing to sue. The response must comply with the following requirements:

1. The response must explain whether, before the filing of this lawsuit, the Defendants had ever been sued in the Southern District of Florida for alleged ADA violations. Additionally, if the Complaint alleges that the ADA violations took place at a physical property (the "Subject Property"), the response must explain whether, before the filing of this lawsuit, any defendant occupying, residing in, or doing business at the Subject Property had ever been sued in the Southern District of Florida for alleged ADA violations. For each ADA suit brought against the Defendant, or involving the Subject Property, the response must list the suit's case number and disposition (*e.g.*, pending, settled, dismissed, etc.).

2. To determine the existence of prior ADA suits against the Defendants or the Subject Property, the Plaintiff's counsel must conduct a thorough search of all pertinent records. The response

must set forth the records the Plaintiff's counsel searched and affirm that counsel searched those records thoroughly.

3. For each prior ADA suit against the Defendants (or involving the Subject Property) resolved by settlement, the response must list the details of that settlement to the extent the Plaintiff's counsel knows those details or can ascertain them with reasonable inquiry (*e.g.*, by reviewing public settlement documents). In particular, the response must describe any attorneys' fees and costs provided for in the settlement and attach copies of all settlement documents in counsel's possession or knowledge (including, *e.g.*, public settlement documents). If the Plaintiff's counsel wishes to maintain the confidentiality of settlement documents in its possession, it may move to file those documents under seal.

4. The response must briefly state whether and how the Defendants and the Subject Property have complied with any prior settlement agreement. If, for example, a settlement agreement required the Defendant to repair the Subject Property to bring it into compliance with the ADA, the response must state whether the Defendants made the necessary repairs. If the Defendant or the Subject Property have not complied with a prior settlement agreement, the response must explain (again, to the extent the Plaintiff's counsel knows or can reasonably ascertain this information) how the parties to that settlement agreement have attempted to enforce it.

5. To have standing[1] to seek injunctive relief under the ADA, a plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (citation omitted); *see also Shotz v. Cates*,

[1] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). It is the Court's responsibility to "zealously [e]nsure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

256 F.3d 1077, 1081 (11th Cir. 2001) ("In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant."). Accordingly, the response must attach a verified affidavit from the named Plaintiff—*not* from counsel—explaining in detail his or her past visits to the Subject Property (or his or her past use of a service with a nexus to the Subject Property (*e.g.*, a website)), as well as any specific plans to return to the property (or to use the service) in the future. If the Plaintiff's suit arises from his or her use of a website, the Plaintiff must state when and where he or she used the website. And, with respect to future use, the Plaintiff's affidavit must contain precise dates and concrete plans. A simple recitation that the Plaintiff intends to return to the property or re-use the service "some day" will not suffice. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) (citation omitted).

We therefore **ORDER** the Plaintiff to file a verified response complying with these requirements by **September 2, 2026**. By that same date, the named Plaintiff—*not* counsel—must file a verified affidavit regarding his or her past visits to the Subject Property or use of a service with a nexus thereto, as well as a description of his or her concrete plans to return to the Property or re-use the service.

**DONE AND ORDERED** in the Southern District of Florida on August 26, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record